RECEIVED
MAR 2 8 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DAVID LOUIS WHITEHEAD** (SANCTIONED/BARRED) | **CIVIL ACTION NO. 1:17-cv-225** |
| **VERSUS** | **JUDGE DRELL** |
| **NETFLIX, ET AL.** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the court is a Complaint filed on January 31, 2017, by *pro se* plaintiff, David Louis Whitehead ("Plaintiff"). Plaintiff names as defendants Netflix and John Does 1 through 5. Plaintiff seeks to file an "anti-trust and fraud case against Defendants." This Court previously ordered the Clerk to not accept any future filings of any kind from Plaintiff unless the filing is first presented to a district judge and the judge has specifically ordered in writing that the pleading may be filed. (See Whitehead v. White & Case, L L P, et al, 5:12-cv-399.) Plaintiff requests permission to file this current suit.

Plaintiff requests that this Court "allow a practicing attorney to file his case with leave of the court," attaching a letter from attorney Alan Pesnell who apparently represented Plaintiff to defendant Netflix to entice Netflix to produce Plaintiff's ideas for several movies. (Attorney Pesnell has not filed for Plaintiff in this current suit.) Plaintiff also provided exhibits that show he sent a letter to the Federal Trade Commission regarding the "alleged antitrust violations of Netflix." Plaintiff's current suit resembles other suits filed around the country and in this Court in which he brought claims against numerous movie production companies, actors in movies and various other entertainment-oriented defendants contending that these defendants committed "conspiracy and due process violations to steal the plaintiff's copyright works, and prohibit the plaintiff from pursuing his copyright and discrimination claims in court, in violation of due process of law." See Whitehead

v. White & Case, L L P, et al, 5:12-cv-399. This Court entered a Judgment in the previous case which was dismissed for failure to state a claim on which relief may be granted. In that same Judgment, the Court sanctioned Plaintiff, ordering the Clerk of Court "to decline any civil complaint filed by David Louis Whitehead unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed." Record Document #45, Whitehead v. White & Case, 5:12-cv-399. In this same case filed on appeal, the Fifth Circuit Court of Appeals also warned Plaintiff of filing repetitive or frivolous filings which could result in sanctions. David Whitehead v. White & Case, L. L. P., et al., No. 14-31224 (5th Cir.), January 8, 2016. A second warning was later issued by this Court in that same case, barring Plaintiff from filing any proceedings without first seeking this Court's approval. Record Document #148, Whitehead v. White & Case, 5:12-cv-399.

This Court has also more recently sanctioned Plaintiff again in Whitehead v. FedEx, 10-cv-1120, ordering him to pay a monetary sanction in the amount of $100.00 to the Clerk of Court. The Clerk was again "directed not to accept any additional filings from Plaintiff until the sanction is paid unless Plaintiff first obtains leave of Court." (See Record Document, #68)

Plaintiff's current complaint appears to present the same issues as in the previous suit filed in this court and in other courts across this country concerning allegations against movie production companies and similar companies. This court has authority to dismiss a suit that is duplicative of another federal court suit as part of general power to administer its docket unless there are special circumstances to favor the second suit. Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir.2007) In this case, Plaintiff's current complaint appears to be a duplicate of Plaintiff's prior frivolous suit in this Court and in other courts across this country and should be dismissed.

2

ACCORDINGLY,

**IT IS ORDERED** that the Complaint filed by David Louis Whitehead on January 31, 2017, be and is hereby **STRICKEN FROM THE RECORD** and this case **CLOSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall accept no further filings of any kind from David Louis Whitehead until the monetary sanction of $100.00 imposed in Case No. 10-cv-1120 is paid in full.

Alexandria, Louisiana, this 28 day of March, 2017.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT