RECEIVED

APR 23 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

DAVID L. WHITEHEAD,

PLAINTIFF,

V.

Case No. 17-cv-225

JUDGE Drell

Mag. Judge Perez-Montes,

NETFLIX INC, ET AL,

DOES 1 THROUGH 5,

DEFENDANTS.

AMENDED COMPLAINT (Fed. Rules Proc. 7 & 15 a)  FOR EQUITABLE RELIEF AND CIVIL
PENALITIES, FRAUD AND IMPLIED BREACH OF CONTRACT, CONSPIRACY AND CIVIL RIGHTS
VIOLATIONS, VIOLATIONS OF THE SHERMAN ACT as amended (15 U.S.C. Section 4) and 28
U.S.C. Section 2201 (a)

Plaintiff representing himself Pro Se, brings civil amended complaint for equitable relief and
civil penalities, fraud and implied breach of contract, conspiracy and civil rights violations (class
citizens) against defendant Netflix.

### JURISDICTION AND VENUE

1.  This complaint or amended complaint  is filed under Section 4 of the Sherman
    Act, as amended (15 U.S.C. § 4) and 28 U.S.C. § 2201(a) in order to declare,
    prevent and restrain violations, as hereinafter alleged, by the defendants of
    Section 1 of the Sherman Act (15 U.S.C. § 1), and under Section 7A(g)(1) of the
    Clayton Act (15 U.S.C. § 18a(g)(1)), as amended by the Hart-Scott-Rodino
    Antitrust Improvements Act of 1976 (.HSR Act.), to recover civil penalties for
    violations of Section 7A(a) thereof. This Court has jurisdiction over this action
    and the Defendants under Section 7A(g) of the Clayton Act, 15 U.S.C. § 18a(g),
    and 28 U.S.C. §§ 1331 and 1337(a), 1345, 1355 and 2201(a).

1

2. Defendants Netflix and employees are engaged in interstate commerce and in activity substantially affecting interstate commerce. Netflix does business in this district.

3. Defendant Netflix is incorporated under the laws of Delaware, with a principal place of business in California.

4. Plaintiff is a citizen of the United States and resident of the City of Bossier, Louisiana.

5. Defendant Netflix is a wholly owned subsidiary of Netflix , incorporated under the laws of Delaware, with a principal place of business in California. It conducts business, and is found, in the State of Louisiana.

6. Venue is proper in this district under Section 12 of the Clayton Act, 15 U.S.C. § 22 and 28 U.S.C. §§ 1391 (b), (c) and (d), 1395(a).

7. Defendants [Netflix]

Defendants Netflix engages the consumers to submit scripts and other entertainment materials to its internet cite, calling for materials of original content for cable film productions. Defendants also requested original content via telephonic communication. After soliciting the plaintiff's 30 film proposal, defendant Netflix inc immediately rejected the submission violating anti-trust laws of the United States of America. Netflix Inc falsely stated that the plaintiff's proposal was not solicited by the company mounting to a legal dispute immuned for judicial bias and conflicts of interest relating to a previous ruling by the District Court Judge. (See Attached Exhibit 4, response of Netflix Inc relating to the case). Also see attached exhibits 1, 2 and 3 pertaining to the submission of 30 film project by Attorney Alan Pesnell and FTC (Federal Trade Commission).

8. Plaintiff asserts and believe that defendants engages in fraudulent schemes for purposes to steal intellectual properties and expressions of ideas. Defendants by law are prohibited from soliciting original content materials with purposes to reject those materials, basically stealing ideas and expressions of ideals mounting to fraud.

9. Plaintiff asserts and believes that defendants solicited his copyrighted materials with expressions of ideas for purposes to steal those ideas and expressions without compensating the plaintiff for his fruit of labor.

10. Plaintiff's submission for a 30 film proposal was provided to Netflix by a licensed and practicing attorney in the State of Louisiana.

11. Plaintiff believes and assert that defendants' association with The Weinstein family known as The Weinstein Company in dispute with the plaintiff are tied to the defendant Netflix and the company's decision to reject the plaintiff's 30 film proposal violating Sherman Anti-Trust.

12. Plaintiff also believes and asserts that defendant Netflix was engaged in preparing a 2017 Golden Globes party function with The Weinstein Company members when defendants rejected plaintiff's film proposal. Further, stating that plaintiff was in dispute with The Weinstein Company when defendant Netflix denied his 30 film proposal which was solicited by the company.

13. Plaintiff believes and assert that his 30 film proposal involves Afro Americans and defendant rejected his proposal due to race (black) in violations of the 42 U.S.C. Section 1964 Civil Rights Act and 42 U.S.C. 1981, 42 U.S.C. Section 1985 (3) and 1991 pertaining to business contracts violations. Plaintiff and his film projects involves a class of African Americans and Defendants action is based on violations against a racial class of people as well as Sherman Anti-Trust violations.

### First Offense

14. Violations of the Sherman Act (monopoly) on the market.

The allegations of Paragraphs 1 through 13 of this AMENDED Complaint are re-alleged and
incorporated by reference here with the same force and effects as though set forth here in full.

Defendants' act against the plaintiff violates anti-trust laws, basically denying plaintiff the right to engage in film productions involving his 30 film proposal and having a monopoly on the market relating to cable and films.

3

Defendants' act harms competition and discriminates against minorities involving film productions.

## Second Offense
### (VIOLATION OF SECTION ONE OF THE SHERMAN ACT: MARKET AND Monopoly)

15. The allegations of Paragraphs 1 through 13 of this Amended Complaint are re-alleged and incorporated by reference here with the same force and effects as though set forth here in full. During the interim period, Netflix were direct competitors in the relevant markets. During the interim period, Netflix engaged in a contract, combination, or conspiracy in restraint of trade that was unlawful under Section 1 of the Sherman Act (15 U.S.C. § 1) by agreeing, not to allow plaintiff contracts for the relevant market(s) to Netflix and, more specifically, not to allow minority competition relating to film, cable and TV productions. These agreements harmed competition in the relevant markets by foreclosing the possibility that the plaintiff would have obtained contract terms for any legitimate business purpose.

## Third Offense

Violations of the Sherman Act: Agreement to Deny Plaintiff the right to enter the Markets for film and Television and Cable Broadcast based on broad base **Conspiracy.**

16. The allegations of Paragraphs 1 through 13 of this Amended Complaint are re-alleged and incorporated by reference here with the same force and effects as though set forth here in full. Beginning at least as early as October 2016 and continuing through November 18, 2017, direct competitors Netflix engaged in a conspiracy in restraint of trade that was unlawful under Section 1 of the Sherman Act (15 U.S.C. § 1). Specifically, Netflix agreed with adverse parties in-particular The Weinstein Company not to enter into contracts with the plaintiff relating to his 30 film projects. This agreement harmed competition in the relevant markets by foreclosing the possibility that plaintiff would have obtained film contracts and

4

distribution deals and to secure better contract terms but for the collusion; and this agreement was unrelated to any legitimate business purpose. Only to prevent or deny plaintiff to enter into the film business.

### FOURTH OFFENSE:
### (VIOLATION OF SECTION 7A OF THE CLAYTON ACT)

17. The allegations of Paragraphs 1 through 13 of this Complaint are re-alleged and incorporated by reference here with the same force and effects as though set forth here in full. Section 7 of the Clayton Act prohibits stock or asset acquisitions affecting commerce where .the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly... 15 U.S.C. § 18.

### FIFTH OFFENSE
### (Fraud and Fraudalently Advertisement)

18. The allegations of Paragraphs 1 through 13 of this amended complaint are re-alleged and incorporated by reference here with the same force and effects as though set forth here in full. Section 7 of the Clayton Act prohibits stock or asset acquisitions affecting commerce where .the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly... 15 U.S.C. § 18.

### Sixth Offense
### Negligence

19. The allegations of Paragraphs 1 through 13 of this amended complaint are re-alleged and incorporated by reference here with the same force and effects as though set forth here in full. Section 7 of the Clayton Act prohibits stock or asset acquisitions affecting commerce where .the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly... 15 U.S.C. § 18.

## Seventh Offense
## Racial DISCRIMINATION BASED ON CLASS (African Americans)

**20.**   The allegations of Paragraphs 1 through 13 of this amended complaint are re-alleged and incorporated by reference here with the same force and effects as though set forth here in full. Section 7 of the Clayton Act prohibits stock or asset acquisitions affecting commerce where .the effect of such acquisition may be substantially to lessen competition, or tend to create a monopoly... 15 U.S.C. § 18. Plaintiff will amend his complaint as discovery provides added information and evidence pertaining to this Sherman anti-trust claim involving fraud, breach of contract, conspiracy and other violations.

In Conclusion plaintiff in this civil action case demands the amount of $100 million dollars, and 10 million compensatory damages.  In addition, plaintiff demands a jury trial. (See attached exhibits (1 through 4).

DAVID L. WHITEHEAD
1906 Scott St.
Bossier, Louisiana 71111
(Cell No. 318-820-5029)
Or 318-525-8065)

### Certificate of Service

I certify that I sent defendant Netflix inc a copy of this pleading on April 23, 2016.
Further, I certify that I have 120 days to served the defendants through registered agent service.

David L. Whitehead